[706 NYS2d 94]

In the Matter of MARC R. LEVENTHAL (Admitted as MARC ROY LEVENTHAL), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 4, 2000

#### APPEARANCES OF COUNSEL

*Mady J. Edelstein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent Marc R. Leventhal was admitted to the practice

of law in the State of New York by the First Judicial Department on February 10, 1975, under the name Marc Roy Leventhal. At all times relevant to this proceeding, respondent maintained an office for the practice of law in Tel Aviv, Israel.

By motion dated January 13, 2000, the Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (i), immediately suspending respondent from the practice of law until further order of the Court due to his failure to cooperate with the Committee in its investigation of allegations of serious professional misconduct, respondent's criminal conviction in Israel, his disbarment in Israel, and his failure to register as an attorney in New York. In the alternative, the Committee requests permission to serve respondent with this motion by publication in the New York Law Journal and in an appropriate publication in Israel.

In or about July 1997, Michelle Portman filed a complaint with the Committee concerning respondent's conduct in handling a real estate transaction for her in Israel. Ms. Portman stated that, in 1996, she retained respondent to sell her apartment in Rehovot, Israel, believing that he would be well-suited for the task since he was admitted both in the United States and in Israel. Ms. Portman asserted that respondent failed to return approximately $30,000 due her from the buyers' $70,000 down payment, which respondent had received and was required to hold in escrow. She further alleged that respondent repeatedly refused to respond to her inquiries regarding the funds.

By letter dated September 2, 1997 and mailed to respondent's office at 5 Zvi Street, Ramat-Gan 52504, Israel (as indicated on his letterhead), the Committee sent him a copy of Ms. Portman's complaint. The Committee also sent a separate letter advising respondent that he had failed to register as an attorney with the Office of Court Administration (OCA). Although neither of these letters were returned to the Committee as undeliverable, respondent did not answer the complaint or otherwise contact the Committee.

On October 22, 1997, the Committee sent a second letter to respondent, at the same address, enclosing Ms. Portman's initial complaint letter and an October 6, 1997 letter, in which she recited a chronological summary of the events as they transpired, including her trip to Israel in an effort to locate respondent and to recover her stolen money. The Committee advised respondent that his continued failure to respond could

result in a motion to suspend him. This letter was sent by certified mail, return receipt requested, and by first class mail. Although no certification of receipt was returned to the Committee, the first class letter was not returned to the Committee.

Correspondence from the Ministry of Justice, State Prosecution, Tel Aviv District, indicates that respondent was indicted in April 1998 for the offense of stealing by agent, in the amount of $35,000. On March 28, 1999, respondent was convicted and sentenced to a term of imprisonment of 20 months. Based upon information received in October 1999 from the Senior Coordinator of the Israeli Directorate of Courts (the Israeli registry of attorneys) and the sentencing decision, respondent is presently at liberty pending his appeal.

On or about January 27, 1999, the Committee received notice that respondent had been disbarred from the Israeli Bar on July 26, 1998. Following the conclusion of respondent's criminal trial, the Committee obtained three addresses in Israel for respondent from the Office of the Israeli Directorate, and letters dated November 17, 1999 were mailed to respondent, noting that he had failed to respond to Ms. Portman's complaint and advising him that, based upon his disbarment in Israel, his criminal felony conviction, his failure to respond to the Committee's investigation, and his failure to register as an attorney in New York State, respondent faced suspension or disbarment if he did not respond within 30 days. Although two letters were returned undelivered, a letter addressed to respondent at 12 Flat 6 Baltimore Street, Tel Aviv, Israel, was not returned to the Committee. No response from respondent has been received from any of these letters.

Notwithstanding the Committee's letters sent in September and October 1997 and its final letter dated November 17, 1999, respondent has not registered with OCA, nor has he paid his past due registration fees.

The Committee maintains that respondent should be suspended from the practice of law for noncooperation with the Committee's investigation, pursuant to 22 NYCRR 603.4 (e) (1) (i). The Committee's motion was served by mail directed to respondent's last known address (12 Flat 6 Baltimore Street, Tel Aviv, Israel) on January 13, 2000. To date, respondent has not interposed a response to the motion. In the alternative, the Committee seeks permission to serve respondent with this motion by publication in the New York Law Journal and in a suitable publication in Israel.

Respondent has been given numerous chances over the last 2½ years to contact the Committee. There is no need for any

further notice. In view of his disbarment from the Israeli Bar, his felony conviction in Israel, and his failure to register as an attorney in New York State, his immediate suspension is clearly warranted.

Accordingly, the Committee's motion, pursuant to 22 NYCRR 603.4 (e) (1) (i), should be granted and respondent should be suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.

WILLIAMS, J. P., ELLERIN, RUBIN, SAXE and FRIEDMAN, JJ., concur.

Motion granted and respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Departmental Disciplinary Committee have been concluded, and until the further order of this Court.