[722 NYS2d 9]

In the Matter of MARC R. LEVENTHAL (Admitted as MARC ROY LEVENTHAL), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 8, 2001

10

*Mady J. Edelstein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Marc R. Leventhal was admitted to the practice of law in the State of New York by the First Judicial Department on February 10, 1975, under the name Marc Roy Leventhal. At all times relevant to this proceeding, respondent maintained an office for the practice of law in Tel Aviv, Israel.

The Departmental Disciplinary Committee moves for an order pursuant to 22 NYCRR 603.4 (g), disbarring respondent on the ground that he has been suspended under 22 NYCRR 603.4 (e) (1) (i) and has not appeared nor applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension.

In a decision and order entered April 4, 2000 (*Matter of Leventhal,* 268 AD2d 149), this Court suspended respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i), pending further disciplinary proceedings, based upon his willful failure to cooperate with the Committee in its investigation into a complaint filed by respondent's client, as well as his criminal conviction and disbarment in Israel and his failure to register as an attorney in New York.

Respondent's client alleged that he had failed to return approximately $30,000 due her from the sale of real estate in Israel and refused to respond to her inquiries regarding these escrow funds. Notwithstanding several attempts by the Committee to contact respondent regarding his client's complaint, respondent failed to respond over a two-and-a-half-year period.

In its application for immediate suspension, the Disciplinary Committee included the following notice:

> "PLEASE TAKE FURTHER NOTICE that pursuant to 22 NYCRR § 603.4 (g), an attorney who is suspended and who has not appeared or applied to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension, may be disbarred without further notice."

More than six months have elapsed since the date of this Court's April 4, 2000 order of suspension (served on respon-

dent on April 5, 2000). Respondent, who also has not appeared on the present motion, has neither appeared nor made written application to the Court or the Committee for a hearing or reinstatement, despite being served with this motion by mail at his last known address in Israel.

Accordingly, the Committee's motion to disbar respondent pursuant to 22 NYCRR 603.4 (g) should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

WILLIAMS, J. P., ELLERIN, RUBIN, SAXE and FRIEDMAN, JJ., concur.

Motion granted, respondent disbarred, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.